Robert Bruce McQUEEN and
Charles Edward KELLY *v.*
STATE of Arkansas

CR 84-48                                    675 S.W.2d 358

Supreme Court of Arkansas
Opinion delivered September 17, 1984

*Denny Hyslip,* Public Defender, for appellant Kelly.

*Dale Varner,* for appellant McQueen.

*Steve Clark,* Atty. Gen., by: *Jack Gillian,* Asst. Atty. Gen., for appellee.

WEBB HUBBELL, Chief Justice. Appellants Robert Bruce McQueen and Charles Edward Kelly were each charged in the Washington County Circuit Court with several counts of aggravated robbery and theft of property. Following a motion for severance, appellants were tried separately. Appellant McQueen was convicted of four counts of aggravated robbery and four counts of theft of property and sentenced to sixty years imprisonment. Appellant Kelly was convicted of five counts of aggravated robbery and five counts of theft of property and was sentenced to two hundred years imprisonment. The convictions are consolidated for appeal.

On January 25, 1983, an employee of a Spee-Dee Mart was held up by a man wearing a red ski mask and a tan corduroy jacket and carrying a silver western-style gun. The man told the employee to take all the money, which totalled about $300.00 in cash, and put it in a sock. On February 10, 1983, the same clerk was held up again by a similar looking man wearing a blue coat and red ski mask and carrying the same type gun who took approximately $150.00 in cash from the store. On February 5, 1983, an employee of Wilco Food Mart was held up by a man wearing a red ski mask and a brown jacket and carrying a chrome-plated revolver. On February 25, 1983, an employee of a Conoco station was robbed by a man wearing a red ski mask, a beige corduroy jacket and carrying a silver-plated western-style pistol. Approximately $600.00 in cash was taken from the station. After the man left, the employee heard a car start and leave the area. On March 25, 1983, an employee of Economy Liquor Store was robbed by two men. The shorter man was wearing a blue jacket and ski mask and carried a chrome-

plated revolver; the taller man was wearing a brown jacket and a ski mask and carried a .22 caliber rifle. The shorter man asked for money and took cash in the amount of about $2,600.00. After the man left, the employee observed a Cordoba automobile with a dark top and white body leaving the scene.

On appeal, appellant McQueen argues that his conviction should be reversed because the only evidence presented by the State to connect him to the crimes charged was his confession in which he admitted he was a partner in four of the armed robberies. McQueen contends that because there was no corroboration of his confession by independent evidence, he is entitled to reversal. A confession of a defendant must be accompanied by other proof that the offense was committed. Ark. Stat. Ann. § 43-2115 (Repl. 1977). The State need only prove, however, that the crime was committed by someone. *Thomerson* v. *State,* 274 Ark. 17, 621 S.W.2d 690 (1981); *Deering* v. *State,* 273 Ark. 347, 619 S.W.2d 644 (1981). The testimony of the employees of the four stores which were robbed provided ample proof that the crimes had been committed.

In addition, there was circumstantial evidence that pursuant to a valid search warrant officers seized from McQueen's trailer a green backpack which contained a brown corduroy jacket and red ski mask which were identified as being exactly like those worn during the robberies. The police also obtained two coats and a .25 caliber gun from appellant's brother. McQueen's confession indicated that he took those items to his brother's house after the last robbery. The two coats and the gun were identified as being identical to those involved in the robbery at Economy Liquor Store. McQueen also owned a 1976 Cordoba. A Cordoba was specifically identified as having been driven away from Economy Liquor just after the robbery.

Finally, McQueen's stepson testified that McQueen and Kelly would take a knapsack containing a jacket, ski mask and gloves and leave together at night. The next day he would see an article in the newspaper about a robbery having taken place. The stepson also identified a .22 pistol

that belonged to McQueen which was identified as having been used in some of the robberies. Evidence is no less substantial because it is circumstantial. *Surridge* v. *State,* 279 Ark. 183, 650 S.W.2d, 561 (1983). Appellant McQueen's argument that there was no corroboration of his confession is without merit, and we affirm his conviction.

Appellant Kelly argues that the trial court erred in its refusal to suppress $640.00 cash seized at his residence pursuant to a legally valid search. The cash seized was not itemized on the warrant although the officer had knowledge that cash had been taken at the robberies and Kelly had been seen with a large roll of cash.

The plain view doctrine permits the admission of seized evidence if: (1) the initial intrusion was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent. A.R.Cr.P. Rule 14.4. *Heard* v. *State,* 272 Ark. 140, 144,612 S.W.2d 312 (1981); *Kelley* v. *State,* 261 Ark. 31, 545 S.W.2d 919 (1977). There was no argument made by the appellant that the search did not take place pursuant to a valid warrant or that the cash was not discovered inadvertently; thus, the only issue for the trial court's consideration was whether the incriminating nature of the bundle of money was immediately apparent. The $640.00 was found in the upstairs portion of the house where appellant Kelly had a bedroom. The officers conducting the search knew that cash had been taken in the robberies of the Spee-Dee Mart, Wilco Food Mart, the Conoco station, and Economy Liquor Store. They had also received information before the search that one of the subjects had a large roll of cash in his pocket.

It was within the province of the trial court to weigh these facts in determining whether the incriminating nature of the roll of cash was apparent to the officers who discovered it. We must affirm the trial court's determination of admissibility unless its decision is "clearly against the preponderance of the evidence." *State* v. *Osborne,* 263 Ark. 554, 566 S.W.2d 139 (1978). The trial court is in the best position to weigh all the factors relating to admissibility,

including the credibility of the testimony, the nature of the offense, the economic condition of the premises being searched, and other factors in determining whether an item seized is incriminating in nature.

In *Gatlin* v. *State*, 262 Ark. 485, 559 S.W.2d 12 (1977), a drug related search was conducted pursuant to a warrant. While on the premises officers seized a plastic bag containing $807.00 along with other items of stolen property. We reversed the conviction on the two counts of theft by receiving because there was no testimony that the discovery of stolen goods was inadvertent and there was no showing that the officers making the search had knowledge of any particular stolen items at appellant's residence. Therefore, the incriminating nature of the articles seized was not immediately apparent.

In this case, there was testimony that the discovery of the $640.00 was inadvertent. The officer who discovered the cash knew that a large sum of cash had been stolen and also knew that appellant Kelly had been seen with a large roll of cash even though there is nothing in the record to suggest that the officers went to the residence to look for cash. However, once they were on the premises and came upon the roll of cash, the trial court's determination that the incriminating nature of the $640.00 was immediately apparent is not clearly against the preponderance of the evidence. We also affirm appellant Kelly's conviction.

Affirmed.