Michael D. FITZHUGH *v.* STATE of Arkansas

CR 87-78                                737 S.W.2d 638

Supreme Court of Arkansas
Opinion delivered October 19, 1987

*Denny Hyslip*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Michael D. Fitzhugh, was convicted of first degree murder and sentenced to life imprisonment. On appeal, Fitzhugh argues the trial judge did not use his discretion in sentencing, photographs and exhibits were improperly admitted, and a directed verdict should have been granted. We find these arguments are meritless and affirm.

On September 29, 1985, Fitzhugh hit Ruby Dugan, with whom he was living, in the head with a claw hammer and stabbed her four times in the chest resulting in her death. He wrapped her in a sheet, placed plastic bags beneath her body, dragged her to his bedroom floor and covered her with a blanket. He placed a cross by her forehead and a Bible at the door. The police discovered the body a few days later. Fitzhugh was picked up and taken to the police station where he confessed. After a jury trial, he was convicted of first degree murder and sentenced to life imprisonment, from which he now appeals.

Fitzhugh first argues the trial court failed to use discretion in sentencing him to life imprisonment, claiming the trial court followed the jury's verdict without exercising discretion, which in turn, voids the sentence. Fitzhugh cites federal authority for his argument that the trial court's failure to exercise discretion voids the sentence. Our courts do not sentence under the federal rules. It is clear from the record that the trial court complied with Ark. Stat. Ann. § 41-802 (Repl. 1977) and Ark. R. Crim. P. 36.4 in his

sentencing procedures. Fitzhugh correctly notes that the trial court must exercise discretion in sentencing a defendant to consecutive or concurrent terms. See Ark. Stat. Ann. § 41-903 (Repl. 1977). However, this argument is not applicable to this case because Fitzhugh received only one life sentence.

■ The trial court's pronouncement of Fitzhugh's sentence cannot be characterized as merely mimicking the jury verdict. After the jury returned a guilty verdict and sentenced Fitzhugh to life, formal sentencing was scheduled for the following day. At that time, the trial judge stated he accepted the jury verdict, but then gave both the defense and the state an opportunity to be heard. After their remarks, the trial court pronounced sentence. Nothing could be more fair to the defendant.

■■ Fitzhugh next contends the trial court erred in admitting two photographs into evidence inasmuch as the photographs' probative value was outweighed by the danger of unfair prejudice. We disagree. The admissibility of photographs is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Watson* v. *State*, 290 Ark. 484, 720 S.W.2d 310 (1986); *Fairchild* v. *State*, 284 Ark. 289, 681 S.W.2d 380 (1984); *Hayes* v. *State*, 278 Ark. 211, 645 S.W.2d 662 (1983). The fact that photographs may be inflammatory is not alone sufficient reason to exclude them. Inflammatory photographs are admissible in the discretion of the trial court if they tend to shed light on any issue or enable a witness to better describe the objects portrayed or the jury to better understand the testimony, or to corroborate testimony. *Watson* v. *State, supra; Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986); *Hayes* v. *State, supra.*

■ In this instance, the photographs were of the victim before and after the sheet had been unwrapped from her body and were used by a witness to help describe the crime scene. The black plastic bag in one of the photographs was sent to the crime lab to be examined for fingerprints. The latent fingerprint examiner testified that a fingerprint and palm print on the bag were Fitzhugh's. Fitzhugh said he placed the bag under the victim and wrapped her in the sheet after he killed her. The sheet was pictured in the exhibit. The photographs further support Fitzhugh's statement that he left the victim on the floor beside his bed.

Fitzhugh stated that he stabbed the victim four times in the chest. One of the photographs shows the chest was wounded. Dr. Malak, the state medical examiner, testified four stab wounds in the chest were found and were a contributing cause of death. In sum, the photographs were useful in assisting the jury to understand the testimony depicting the crime scene and were certainly not so inflammatory as to prejudice the jury. The trial court did not abuse its discretion in admitting the pictures in evidence.

■ Fitzhugh's third argument is that the trial court erred in refusing to grant a directed verdict on the ground of insufficient evidence. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982).

Fitzhugh confessed to the murder, stating that he got a claw hammer out of a closet, hit the victim in the forehead with the hammer, and stabbed her four times in the chest (he pointed out on his chest where he stabbed her). He admitted wrapping her in the sheet, placing plastic bags under her body, tying belts around the body, dragging her into his bedroom, placing her on the floor next to his bed, and covering her with a blanket, then placing a cross on her forehead and a Bible by the door. Fitzhugh further explained he cleaned the blood off the floor and threw the cloths in the shower tub because he did not want the police dogs to smell the blood. The next day, Fitzhugh made substantially the same statement, noting in addition, that he wiped the knife clean and put the hammer in a plastic bag and threw it in the dumpster by Pizza Hut. He further stated he gathered sheets and other items from the scene, put them in a double bag and placed it in the bushes by the railroad tracks.

■ Ark. Stat. Ann. § 43-2115 (Repl. 1977) provides: "A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed." An accused's confession, along with other evidence, is sufficient to support a conviction. *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986); *Hill* v. *State*, 289 Ark. 387, 713 S.W.2d 233 (1986). The other evidence required to accompany the confession is proof that the offense was committed by someone. *McQueen* v. *State*, 283 Ark. 232, 675 S.W.2d 358 (1984).

■ Here, the victim suffered injuries to her head and chest. The medical examiner performed an autopsy on the body and testified that at least three blows were delivered to the head by a rounded heavy object, such as the head of a hammer. Four stab wounds were found in the center part of the chest. The cause of death was the head injuries and the stab wounds. The police found the bag containing the sheets where Fitzhugh said he placed it by the railroad tracks. Fitzhugh's fingerprints were found on a black plastic bag found by the body at the scene. This evidence, combined with the confessions, sufficiently supports the conviction. Therefore, the trial court correctly denied the motion for a directed verdict.

■ Fitzhugh argues the confessions are not credible due to his mental incompetence and the different versions of his statement (he also denied any involvement with the crime). The jury has the duty to resolve questions of credibility in confessions. *Kendal* v. *State*, 292 Ark. 173, 729 S.W.2d 1 (1987). The jury also resolves the conflicting testimony regarding Fitzhugh's mental competence. *Thomas* v. *State*, 266 Ark. 162, 583 S.W.2d 32 (1979). Obviously, the jury resolved the conflicts against Fitzhugh.

■ For his last argument on appeal, Fitzhugh contends the trial court erred in allowing the admission of State's Exhibits 12-17, which are state hospital records and psychiatric reports. Since Fitzhugh failed to abstract these exhibits, we will not consider the issue. Ark. Sup. Ct. R. 9.

As required by our Rule 11(f), we have reviewed all abstracted rulings adverse to Fitzhugh as well as the points raised on appeal and found no error.

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the result but do not join the opinion because it reads like a brief on behalf of the state.