Ben GRIMES, Jr. *v.* STATE of Arkansas

CR 87-220 748 S.W.2d 657

Supreme Court of Arkansas
Opinion delivered May 9, 1988

*Baim, Gunti, Mouser, DeSimone, & Robinson*, by: *Greg Robinson*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

ROBERT H. DUDLEY, Justice. The appellant was convicted of first degree murder. On appeal, he argues that the evidence was insufficient to sustain the conviction. The argument is without merit, and we affirm the conviction.

Various witnesses established that the murder victim, Tondaleyo Hilton, had a date with appellant on May 30, 1986. That night they were seen together at different places in Pine Bluff. The victim did not return home and was never seen alive again. A little over two weeks later, on June 17, 1986, her body was found in the Arkansas River. The medical examiner found the cause of death was a five inch cut across the neck that was so deep it reached the spine. He did not find any semen in the victim's body, but he testified that could have been because the body was in the river for two weeks and any semen could have been washed away. The appellant left the State after the victim's disappearance but was found and arrested in Virginia Beach, Virginia, on July 24, 1986. He confessed to the murder at that time. He changed the details of his story several times but the final version was as follows: He and the victim were on a date and ended up in Townsend Park in Pine Bluff. While there, they got out of the car, and he forced her to have sexual intercourse with him twice. She told him she was going to tell her family or call the police. He panicked and cut her in the chest or neck area, although he was not sure how many times he stabbed her or to what extent. He then put her body into the trunk of the car, drove to the Arkansas River, threw her body into the river, and

discarded her clothes into a dumpster.

The day after he gave the confession to the Virginia authorities, he gave a second confession to some Pine Bluff police officers. The second confession was consistent with the first one except that he said the murder took place inside rather than outside the car and that in her threat to expose him she did not mention the police but mentioned only her family.

"An accused's confession, along with other evidence, is sufficient to support a conviction." *Fitzhugh* v. *State*, 293 Ark. 315, 318, 737 S.W.2d 638, 640 (1987). This "other evidence" requirement is based on Ark. Code Ann. § 16-89-111(d) (1987), which provides, "A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed." We have written, "The State need only prove, however, the crime was committed by someone." *McQueen* v. *State*, 283 Ark. 232, 234, 675 S.W.2d 358, 360 (1984). In this case, there is no question that the victim was killed; her body was found in the Arkansas River and the evidence showed that her throat had been slit. In addition, the last time she was seen alive was when she was on a date with appellant. There was sufficient evidence to support the verdict.

Appellant next argues that some of the state's evidence contradicts his confessions, and therefore, the confessions are not corroborated; from that basis, he argues the evidence is insufficient to support the verdict. The argument is without merit for two reasons. First, his initial conclusion is fallacious. He contends that the medical examiner testified that the victim's throat was cut while the appellant said he stabbed her in the neck and chest. In fact, in the confessions, appellant said he could not remember exactly how the knifing took place. Also, the failure of the medical examiner to find semen is understandable. Second, and more importantly, the statute does not require that the confession be completely corroborated. It merely provides that there be other proof the offense was committed.

In compliance with Rule 11(f) of the Rules of the Supreme Court and Court of Appeals, we have examined all of the objections which were decided adversely to appellant and find none that involve prejudicial error.

Affirmed.