Glen ALLEN *v.* STATE of Arkansas

CR 87-219                                              751 S.W.2d 347

Supreme Court of Arkansas
Opinion delivered June 13, 1988

*Tim Bunch* and *Thomas E. Brown*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant was convicted of the capital murder of Earl Verser, Jr., and sentenced to life imprisonment without parole. He raises five points for reversal. Because we find no merit in any of them, we affirm.

We first address appellant's argument that the trial court erred by not granting a mistrial. Appellant claims the prosecutor made improper comments which called the jury's attention to his failure to testify, thereby violating his fifth amendment rights. *See United States* v. *Hastings*, 461 U.S. 499 (1983); *Adams* v. *State*, 263 Ark. 536, 566 S.W.2d 387 (1978); *Clark* v. *State*, 256 Ark. 658, 509 S.W.2d 812 (1974).

While such fifth amendment issues generally ensue from

opening or closing remarks by the government, the prosecutor's comments here resulted from his hearsay objection when the appellant called a deputy sheriff to testify concerning a confession previously made by the appellant. Actually, the appellant had given two confessions, one of which the state introduced. The confession in issue in this appeal was introduced by the appellant during his case-in-chief. Both confessions detailed the manner in which the appellant burglarized Verser's home, beat him and stole his money, watch, credit cards, vehicle and guns. However, the confession introduced by appellant included remarks by him that, at the time of the crime, he had drunk a quart and a half of beer and had been smoking marijuana. Although the trial court allowed the appellant to introduce this second confession, he contends the prosecutor's following remarks were prejudicial and required a mistrial:

> Your Honor, I'm going to have to object to any further — he's gotten off the issue. That is — he's trying to get his witness, his client, to testify through two or three other people, and that denies me the right of cross-examination, and I object to this . . . .
>
> * * *
>
> He's offering through witness statements against the interest, and now he's getting into his defense and trying to prove an affirmative defense through intoxication or drug influence. That is self-serving. He cannot prove that through third people. That denies me my right of cross-examination. It's improper . . . .

The state argues the prosecutor, by his remarks, was not referring to appellant's failure to testify, but instead was complaining that the appellant was required to prove his intoxication or drug-influence defense by other people who knew of appellant's alcohol and drug problems and who were subject to cross-examination on the subject. The prosecutor's comments were, at best, convoluted, but even assuming them to be improper, as indirect references to the appellant's decision not to testify, we fail to see how appellant was prejudiced.

██ As we said in *Clark*, before an error affecting constitutional rights can be declared harmless, the appellate

court must determine that it is harmless beyond a reasonable doubt. 256 Ark. 658, 509 S.W.2d 812; *see also Jarreau* v. *State*, 291 Ark. 60, 722 S.W.2d 565 (1987). Here, the evidence of appellant's guilt was so overwhelming that appellant resorted to offering his own confession to Verser's murder in hope that the jury would mercifully consider, when determining guilt and punishment, appellant's reference to his use of alcohol and drugs at the time he committed the crime. Appellant not only confessed to the crime on two separate occasions, he also, at the time of his arrest, possessed the victims's vehicle, credit cards and guns. Although appellant raised intoxication as a defense, there was no hint of any evidence that showed the appellant in any way tried to deny that he killed Verser. Thus, even if we were to hold the prosecutor's remarks improper, we can say without reasonable doubt that the error was harmless. *Jarreau*, 291 Ark. 60, 722 S.W.2d 565.

In his second point, appellant relies in part on his first argument and further asserts that the prejudice that resulted from the prosecutor's improper remarks, concerning the appellant's failure to testify, was later exacerbated by the following remarks made by the prosecutor during his closing argument:

> You're not to consider during the guilt phase of the trial whether or not he ought to suffer death or life in prison without parole. You've just got to come back and say, guilty of capital murder, then we'll worry about that, the other. And I won't even argue that at this time and I don't want you to consider that at this time, because if you did, you're liable to be out there until midnight. You haven't heard everything on that point.

Appellant claims the prosecutor's argument improperly suggested that there was additional evidence of guilt which existed but could not be introduced until the punishment phase of the trial. We disagree. The prosecutor's remarks merely reflect the trial court's instruction to the jury that, after a return of guilty, the jury would be submitted the matter of punishment. Even so, when the appellant objected to the prosecutor's argument, the trial judge admonished the prosecutor to be careful, and the appellant requested no further admonition nor does the record reflect that one was needed. Appellant simply fails to show the

closing remarks made by the prosecutor were improper, nor has he shown that the prosecutor's remarks, as set out in point one and here, were prejudicial.

■■ Appellant, in point three, argues the trial court erred in admitting the photographs of the victim because the photos were inflammatory and repetitious. This court has held that the admission of photographs is in the sound discretion of the trial court and will not be set aside absent a manifest abuse of discretion. *Henderson* v. *State*, 279 Ark. 414, 652 S.W.2d 26 (1983). However, in *Berry* v. *State*, 290 Ark. 233, 718 S.W.2d 447 (1986), we re-examined our position regarding the admissibility of inflammatory photographs and emphasized the need for the trial court to carefully weigh the probative value of the photographs against their prejudicial nature. Inflammatory photographs are admissible in the discretion of the trial court if they tend to shed light on any issue or enable a witness to better describe the objects portrayed or the jury to better understand the testimony, or to corroborate testimony. *Fitzhugh* v. *State*, 293 Ark. 315, 737 S.W.2d 638 (1987).

In the present case, the prosecutor offered ten photographs of the deceased into evidence; appellant objected to seven of nine photos introduced at the guilt stage of trial; and at the punishment segment, the trial court excluded one photograph, which was easily the most gruesome of the photos offered by the state. State witness Dr. Fahmy Malak used the seven different photographs in issue to illustrate his testimony about the nature and cause of death. Malak used the photographs to depict the several blows to Verser's head, as well as to explain the amount of force used in cracking the skull. According to Malak, Verser did not die instantaneously, but was alive when he received all of the blows.

■■ Appellant seeks to diminish the probative nature by relying on his counsel's admission, during opening argument, that appellant caused the injuries to Verser. Even so, such an admission did not relieve the state of its burden of proof beyond a reasonable doubt that the appellant committed the murder. *See Gruzen* v. *State*, 276 Ark. 149, 634 S.W.2d 92, *cert. denied*, 459 U.S. 1020 (1982). Furthermore, this court has held that a photograph is not inadmissible merely because it is cumulative, and that the defendant cannot admit the facts portrayed and

thereby prevent the state from putting on its proof. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). In viewing the photographs and related testimony, we are unable to say the trial judge abused his discretion in ruling the probative value of the photographs was sufficient to allow their introduction into evidence. *Berry*, 290 Ark. at 226-227, 718 S.W.2d at 449.

In his next argument, appellant urges the trial court erred in allowing the state, on the morning of the trial, to amend the information to delete the robbery charge. He first claims prejudice as a result of the amended information because by allowing the removal of the robbery charge, the state was permitted to use pecuniary gain as an aggravating circumstance at the penalty stage of the trial. The simple answer to appellant's contention on this point is that because he received a sentence of life without parole, instead of the death penalty, he could not have been prejudiced by the submission of the aggravating circumstance. *Baker* v. *State*, 289 Ark. 430, 711 S.W.2d 816 (1986). Appellant also claims prejudice because the late amended information changed his trial strategy, but he concedes it is speculative concerning what counsel would have done differently if the trial court had denied the amendment.

This court has allowed an amendment to be made to the information even after the trial started where the nature or degree of the crimes alleged had not changed and the accused was unable to show he was prejudiced. *See Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977); *see also* Ark. Code Ann. § 16-85-407(b) (1987). Here, the state's amendment was made before trial, and in deleting the robbery charge against appellant, the amendment aided, rather than prejudiced, appellant's case.

Before leaving this point, we note our recent decision of *Sellers* v. *State*, 295 Ark. 489, 749 S.W.2d 669 (1988), wherein we cited *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987), which held that one could not be convicted of capital murder where the underlying felony was burglary if the intent of the perpetrator, upon entering the dwelling, was to commit the murder. Quoting from *Parker*, we said:

> For the phrase "in the course of and in furtherance of the felony" to have any meaning, the burglary must have an independent objective which the murder facilitates. In this

instance, the burglary and murder have the same objective. That objective, the intent to kill, is what makes the underlying act of entry into the home a burglary. The burglary was actually no more than one step toward the commission of the murder and was not to facilitate the murder.

In keeping with the *Parker* rule, we reversed in *Sellers* where Sellers was charged with capital murder and burglary with an underlying charge of assault and battery. We held that we could not say the murder facilitated the burglary if the underlying offense for the burglary was assault and battery.

In the instant case, the appellant, in his confessions, said that in order to steal Verser's car, he entered Verser's house to get the keys. He stated that he had not intended to kill Verser, but took a piece of angle iron with him in case Verser caught or tried to shoot the appellant. Clearly, the facts here support the state's charges of theft being the underlying offense and object of the burglary, and unquestionably appellant's murder of Verser resulted in facilitating his theft of property.

In his final point, the appellant argues that the cumulative effect of his first three points prejudiced the appellant by inflaming the passions of the jury. The appellant did not make such an objection at trial, and he cites no supporting authority for his argument in his brief. However, even if we reached the merits of his argument, the appellant failed, for the reasons stated under each of those points discussed above, to show any prejudice.

Having reviewed the points of error along with other objections decided against the appellant as required by A.R.Cr.P. Rule 36.24 and Ark. Sup. Ct. R. 11(f), we find no reason to reverse, and therefore affirm the appellant's conviction.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent because it is obvious the prosecutor deliberately failed to introduce the second confession in order to open the way for his prejudicial comments on the appellant's silence. Both confessions had previously been held admissible by the trial court. Both were incriminating. About the only difference was that the one not introduced by the state contained information indicating that the appellant had

been drinking beer and smoking pot. It seems to me the second confession was as damaging to the appellant as the first.

Had the prosecutor introduced both statements he would not have been in a position to comment concerning the appellant's failure to testify. The prosecutor did not object simply on grounds of hearsay or relevance. Instead he made a speech to the jury about being unable to cross-examine the accused, who did not intend to testify. Whether planned or not the comments were improper and highly prejudicial.