William C. HICKSON *v.* STATE of Arkansas

CR 92-602                                       847 S.W.2d 691

Supreme Court of Arkansas
Opinion delivered February 22, 1993

&middot;   *Lavender, Rochelle, Barnette & Dickerson*, by: *John M. Pickett, Paul L. Dickerson* and *Shannon Tuckett*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, William C. Hickson, appeals a judgment of the Miller Circuit Court convicting him of two counts of second degree murder and one count of first degree battery. The judgment was entered pursuant to a jury verdict and sentences appellant consecutively to terms of 20 years imprisonment for each murder conviction and 15 years imprisonment for the battery conviction. The total sentence is 55 years and our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 29 (1)(b).

Appellant was originally charged with one count of capital felony murder and two counts of first degree battery in connection with a March 2, 1991, house fire involving a liquid accelerant. One victim, Raymond Call, was killed in the fire occurring on March 2, 1991. Another victim, Ralph Davis, was severely burned in the fire and died from complications of his burns on May 31, 1991. The third victim, Allen McClure, who is appel-

lant's uncle, survived the fire but not without suffering severe burns. Following Davis' death, the felony information was amended to change the corresponding charge from battery to capital felony murder.

On appeal, appellant argues three points for reversal of the judgment. First, he argues the trial court erred in denying his motions for directed verdict on the capital felony murder charges. Second, he argues the trial court erred in admitting into evidence prejudicial photographs of the victims. Third, he claims the trial court erred in admitting into evidence a videotape of the crime scene showing Call's body in the burned house. We find no merit to these arguments and affirm the judgment of conviction.

Appellant's first argument is the trial court erred in denying his motions for directed verdict on the two charges of capital felony murder; the motions were made on grounds there was insufficient evidence of the underlying felony of arson. Appellant claims the state did not offer any proof that appellant possessed the mental state required for arson — purposefully causing property damage. Appellant acknowledges that the state offered some evidence that he intended to "burn someone up," but claims neither this evidence, nor any other that was presented, is evidence of his intent to cause property damage or to commit arson. Appellant claims that at most, the evidence presented supports only a charge of first degree murder. As there is no proof of the underlying felony of arson, argues appellant, there is insufficient proof of capital felony murder and the trial court should have directed a verdict on those charges.

The state responds with the argument that appellant was not prejudiced by any asserted error relating to the capital felony murder charges because the jury found appellant guilty only of second degree murder, not capital felony murder. Appellant counters the state's argument with the claim that he was prejudiced merely because the jury was qualified to impose the death penalty. He argues that because the jury was death qualified, it was prone toward convicting appellant and he was therefore prejudiced, even though he was acquitted of the capital felony murder.

We agree with the state that appellant was not prejudiced in this respect. Appellant's argument as to prejudice,

that death qualified juries are prone to convict, is one that we have previously rejected. *Ruiz* v. *State*, 299 Ark. 144, 772 S.W.2d 297 (1989); *Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986). The United States Supreme Court has also rejected the argument and held that death qualified juries are constitutional. *Lockhart* v. *McCree*, 476 U.S. 162 (1986).

Ordinarily, we treat a challenge to the denial of a motion for directed verdict as a challenge to the sufficiency of the evidence. *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). However, we need not review the sufficiency of the evidence in the present case because appellant moved for a directed verdict only on the capital felony murder charges and the jury acquitted defendant of the capital felony murder charges by finding him guilty of second degree murder. Even if we were to determine the trial court erred in denying appellant's motions, the error would be rendered harmless by the verdict of guilt only as to second degree murder. If a defendant in a capital case does not receive the death penalty, he or she cannot obtain a reversal on appeal by pointing to errors relating to the jury's consideration of the death penalty. *Ward* v. *State*, 298 Ark. 448, 770 S.W.2d 109 (1989); *Allen* v. *State*, 296 Ark. 33, 751 S.W.2d 347 (1988). Accordingly, we hold that due to the jury's verdict of guilt only as to second degree murder, appellant was not prejudiced by an asserted error in the trial court's denial of the motions for directed verdict on the capital murder charges.

Appellant's second argument for reversal relates to the trial court's admission into evidence of six photographs. Appellant specifically challenges the admission of State's Exhibits 4, 7, 8, 18, 20, and 21. These exhibits depict the following:

(4) Allen McClure being treated by medical personnel;

(7) Raymond Call's body in the burned house;

(8) Raymond Call's body in the burned house; taken from a further distance;

(18) Ralph Davis' face prior to autopsy;

(20) Raymond Call's back prior to autopsy;

(21) Raymond Call's face and trunk prior to autopsy.

Appellant claims the photographs are gruesome, highly prejudicial, cumulative, and offered by the prosecution only to inflame the jury.

The photographs in question were all the subject of a pretrial conference. The state proffered these photographs along with many others. Appellant stated his objections. After viewing the photographs and hearing arguments of counsel, the trial court denied appellant's motion in limine to exclude the photographs. At trial, the trial court again ruled on the photographs and concluded they were admissible into evidence. The trial court made separate and distinct rulings on each photograph as each was admitted.

Exhibits 4, 7, and 8 were admitted during the testimony of an investigating officer who stated the photographs were fair and accurate representations of the crime scene and would be helpful to the jury in understanding his testimony. Exhibit 18 was admitted during the testimony of the medical examiner·who performed the autopsy on Ralph Davis. The medical examiner stated that Davis died from complications of his burns, some of which could be seen on his face and chest in Exhibit 18. Exhibits 20 and 21 were admitted during the testimony of the medical examiner who performed the autopsy on Raymond Call. The medical examiner stated Exhibits 20 and 21 would help her explain Call's external injuries to the jury.

The admissibility of photographs is a matter within the sound discretion of the trial court and we do not reverse its rulings unless it abused its discretion. *Crow* v. *State*, 306 Ark. 411, 814 S.W.2d 909 (1991). Even inflammatory photographs are admissible if they tend to shed light on an issue, enable a witness to better describe the objects portrayed, or enable the jury to better understand the testimony. *Id*. Moreover, as was done in the present case, a defendant may not concede he may have caused the victim's injuries and relieve the state of its burden of proving his or her guilt beyond a reasonable doubt. *Id*.; *Allen*, 296 Ark. 33, 751 S.W.2d 347.

Given the trial court's consideration of the questioned photographs on two separate occasions at the pre-trial conference and again at trial, we cannot say it admitted the photographs with "carte blanche" approval, *see Berry* v. *State*, 290 Ark. 223, 718

S.W.2d 447 (1986), or with a manifest abuse of its discretion. Accordingly, we affirm the trial court's admission of the photographs into evidence.

Appellant's third argument for reversal is that it was error to admit the videotape of the crime scene showing the house and Raymond Call's body among the remaining debris. Appellant objects only to the playing of the portion of the tape showing Call's body. He claims this was another opportunity for the state to present inflammatory evidence to the jury. He also claims the tape is cumulative, not helpful to the jury, and overwhelmingly prejudicial.

We have stated that a videotape is admissible if it is relevant, helpful to the jury, and not prejudicial. *Logan* v. *State*, 299 Ark. 255, 773 S.W.2d 419 (1989). These are generally the same requirements for the admission of photographs. *See Elk Corp. of Arkansas* v. *Jackson*, 291 Ark. 448, 725 S.W.2d 829 (1987) (citing *Berry*, 290 Ark. 223, 718 S.W.2d 447).

The questioned videotape was introduced during the testimony of one of the investigating officers. The officer testified he was on the crime scene when the house was already engulfed in flames and ordered another officer to photograph and videotape the scene. The testifying officer stated the videotape accurately depicted the scene and would help the jury to understand his testimony. The videotape does show Call's body among the debris of the burned house. However, videotapes, like photographs, are not rendered inadmissible merely because they are cumulative. *See Allen*, 296 Ark. 33, 751 S.W.2d 347.

Consistent with its rulings on the videotape at the pretrial conference, the trial court ruled limited portions of the tape admissible at trial, subject to the additional limitation that no audio be played for the jury. In order to ensure that the inadmissible portions of the tape were not inadvertently played to the jury, the tape was not played until later in the trial. Given that the trial court considered the admissibility of the videotape twice and placed limitations on the portions that could be published to the jury, we cannot say it abused its discretion in admitting the tape into evidence.

The judgment of conviction is affirmed.