SLIP OPINION     Cite as 2016 Ark. App. 114



# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–797

| | |
|---|---|
| JAMES ANDREW MOPPIN<br>APPELLANT | **Opinion Delivered** February 24, 2016 |
| V. | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT<br>[NO. 05CR–13–286–4] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GORDON WEBB, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant James Andrew Moppin was charged with domestic battery in the second degree in the Boone County Circuit Court. A jury convicted him of the lesser offense of domestic battery in the third degree. Moppin was placed on probation for one year, ordered to serve twenty days in the county jail, and fined $600. On appeal, he argues that the circuit court erred by denying his motion for directed verdict because the State did not prove he knew the victim was sixty years of age or older and that the circuit court erred by overruling his objection to the State's closing argument. Moppin asserts that the State improperly argued that he had the burden of proof on the issue of whether he knew the victim was sixty years old or older. We affirm.

At trial, evidence was presented that Rodney McCullough is Moppin's father-in-law. McCullough and Moppin, along with Moppin's nuclear family, lived together in a small trailer in Omaha, Arkansas. On September 26, 2013, Moppin returned home after four or

five days away to find his pet rats dead and outside on the front porch. Moppin was furious and told McCullough he needed to move out immediately. Moppin then proceeded to beat McCullough; ultimately, McCullough had to be air lifted by helicopter from the hospital in Harrison to a Springfield, Missouri, hospital, where he was admitted overnight with serious injuries.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Jackson v. State*, 375 Ark. 321, 324–25, 290 S.W.3d 574, 577 (2009). We do not address Moppin's challenge to the sufficiency of the evidence because it is not preserved for our review. At the close of the State's case, Moppin made a motion for a directed verdict as to the domestic-battery charge, but he did not renew it at the close of all the evidence, as required by Rule 33.1(a) of the Arkansas Rules of Criminal Procedure. The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsection (a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R. Crim. P. 33.1(c) (2015).

Moppin's second point on appeal is without merit. Moppin argues that in the State's closing argument, the State improperly shifted the burden of proof to him, forcing him to put on evidence that he did not know that the victim was sixty years of age. However, this is not an element of the crime for which Moppin was convicted. The jury found Moppin guilty only of domestic battering in the third degree, not domestic battering in the second degree. As such, he was not prejudiced by any asserted error relating to the domestic battering in the



second degree.  *See Hickson v. State*, 312 Ark. 171, 847 S.W.2d 691 (1993). We therefore affirm Moppin's conviction.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Potts Law Office*, by: Gary *W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.