Josephine Linker Hart, Justice, concurring in part and dissenting in part. The majority has misconstrued the Arkansas felony-murder statute, ignoring this court’s well-settled construction of the word “furtherance.” In Parker v. State, 292 Ark. 421, 731 S.W.2d 756 (1987), Sellers v. State, 295 Ark. 489, 749 S.W.2d 669 (1988), and Allen v. State, 296 Ark. 33, 751 S.W.2d 347 (1988), this court construed the word “furtherance” to mean “facilitate.” The majority has not explained how the shooting of Adrian Broadway, while heart-wrenching, facilitated the underlying felony.[1] To understand the proper application of the Arkansas felony-murder statutory scheme, one need only look to Allen v. State, supra, where this court affirmed a conviction |7for felony murder. After acknowledging that, in accordance with Parker and Sellers, the murder must “facilitate” the underlying felony, the Allen court stated: In the instant case, the appellant, in his confessions, said that in order to steal Verser’s car, he entered Verser’s house to get the keys. He stated that he had not intended to kill Verser, but took a piece of angle iron with him in case Verser caught or tried to shoot the appellant. Clearly, the facts here support the state’s charges of theft being the underlying offense and object of the burglary, and unquestionably appellant’s murder of Verser resulted in facilitating his theft of property. Allen, 296 Ark. at 40, 751 S.W.2d at 350. To put it in the vernacular, the murder in Allen helped the perpetrator commit his crime because it stopped the homeowner from preventing or otherwise interfering with it. Conversely, in the case before us, killing Adrian Broadway did not help Mr. Noble to commit a terroristic act in any way. Ms. Broadway was not the driver of the vehicle, she was not armed, and she did not in any way represent a threat to Mr. Noble as he fired at the vehicle. In short, there is absolutely no evidence that Ms. Broadway’s death facilitated the ter-roristic act. Accordingly, the majority has failed to properly apply the felony-murder statute. It is not enough to look at the plain wording of the statute, as the majority claims to have done—it must also give effect to every word. Obviously, the majority has focused on “in the course of’ and neglected to consider the element of “furtherance.” This faulty construction of the Arkansas felony-murder statute stands in stark contrast to the language of the Parker court: [I]n the course of and in furtherance of the [underlying felony], ... are elements required by our statutes. “If we can, we give legislation a construction to [ejffect legislative intent ... However, this is a criminal statute which must be strictly construed with doubt being resolved in favor of the accused.” Knapp v. State, 283 Ark. 346, [347,] 676 S.W.2d 729 [,730] (1984). In strictly construing our statutes, as we must do, it is apparent that in order to constitute capital felony murder, the 18murder must be in the course of, and in furtherance of the [underlying felony], which is not the case before us. 292 Ark. at 427, 731 S.W.2d at 759. The majority has, in effect, rewritten the felony-murder statute by ignoring the “furtherance” element and this court’s interpretation of the word “furtherance,” as used in the statute, to mean “facilitate.” To achieve this patently wrong result, the majority mischaracterizes Mr. Noble’s argument. Contrary to the majority’s representation, Mr. Noble concedes that Ms. Broadway’s death occurred in the course of his committing a terroristic act. He focuses only on the furtherance element and argues that shooting Ms. Broadway did not facilitate the underlying felony. Finally, the majority’s citation of Perry v. State, 371 Ark. 170, 177-78, 264 S.W.3d 498, 503 (2007) (“[T]he culpable intent or mens rea relates to the crime of the underlying felony ... and not to the murder itself.”) is of no moment. Perry is a State appeal regarding the propriety of giving an instruction on felony manslaughter as a lesser-included offense of first-degree murder. The analysis in that case focused on the mens rea of the two offenses, which is not even remotely an issue in the case before us. In my view, Mr. Noble’s argument with regard to his first-degree felony-murder conviction is compelling. I would reverse and remand this case, as this court did in Parker and Sellers, when the felony-murder statute was correctly applied. With regard to Mr. Noble’s terroristic-act convictions, I agree that his argument does not warrant reversal. Nonetheless, I am concerned that Mr. Noble was convicted of six felonies when the evidence showed that, at worst, he fired only five rounds, and two of |athose rounds were found to have hit his front lawn. However, inasmuch as this is not an argument made by Mr. Noble, I concur in the result. . In pertinent part, the underlying felony that Mr. Noble was charged with, Terroristic Act, is codified at Arkansas Code Annotated section 5-13-310 as follows: (a) A person commits a terroristic act if, while not in the commission of a lawful act, the person: (1) Shoots at or in any manner projects an object at a conveyance which is being operated or which is occupied by another person with the purpose to cause injury to another person or damage to property