COURTNEY HUDSON GOODSON, Associate Justice
Pending before this court are three pro se motions that appellant Gecoba L. Tilson filed seeking an extension of time in which to file his brief in this appeal of the circuit court's dismissal of Tilson's petition for writ of habeas corpus. Tilson has also filed a pro se motion in which he appears to seek a copy of the record on appeal. Because it is clear from the record that the appeal is without merit, we dismiss the appeal, and the motions are moot.
Tilson filed his petition in the circuit court of the county in which he was incarcerated. In it, he challenged a Faulkner County Circuit Court judgment reflecting his conviction on two counts of aggravated robbery, one count of felony theft of property, and one count of misdemeanor theft of property. Tilson alleged that this judgment was facially invalid because the information charging him had named a victim for one of the aggravated robbery charges, Dawn Cook, who was not present at his trial. Tilson asserted that he was convicted of a charge that was never made, and he also alleged that he did not receive due process or a fair trial because he was not given fair notice that an individual other than the victims who were named in the information would testify concerning the aggravated-robbery charges. He alleged that he did not receive "legal notification" that he would instead face Dana Clark as a witness testifying that he had robbed her.
An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that denied a petition for a writ of habeas corpus, will not be permitted to go forward when it is clear that the appellant could not prevail. Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is *507 being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); Garrison , 2018 Ark. 8, 534 S.W.3d 136. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566.
Tilson did not invoke Act 1780, and although he alleged the facial invalidity of the judgment, he did not state facts or provide evidence to establish probable cause to believe that he is being illegally detained. Although claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding, allegations of a defective information are not generally considered to be jurisdictional and are treated as trial error. Clay v. Kelley , 2017 Ark. 294, 528 S.W.3d 836. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. Williams v. Kelley , 2017 Ark. 200, 521 S.W.3d 104.
Tilson attempts to frame at least a portion of his claims concerning the information as an issue of whether he was charged with a crime other than the one for which he was convicted. Yet the only defect in the information that Tilson identifies is that the wrong name was used to identify one of the victims. Language identifying the victim is not necessary for the document to have adequately charged him with the crime and conferred jurisdiction on the trial court. See England v. State , 234 Ark. 421, 352 S.W.2d 582 (1962). An information is not defective if it sufficiently apprises the defendant of the specific crime with which he is charged to the extent necessary to enable him to prepare a defense. Lockhart v. State , 2017 Ark. 13, 508 S.W.3d 869.
Likewise, Tilson's claims of inadequate notice that Dana Clark would be used as a witness to establish the crime are merely assertions of error that could have been raised at trial, on appeal, or in a postconviction proceeding. A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case. Mackey v. Lockhart , 307 Ark. 321, 819 S.W.2d 702 (1991). The writ will not be issued to correct errors or irregularities that occurred at trial, and a writ of habeas corpus will not be issued as a substitute for postconviction relief. Id. The type of claim Tilson raised here concerning surprise or inadequate notice is not one cognizable in a habeas proceeding.[1] See Johnson v. State , 2018 Ark. 42, 538 S.W.3d 819. An issue with the admission of evidence is a challenge that is not cognizable in a habeas proceeding. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Because Tilson failed to allege a basis for the circuit court to grant the writ, he demonstrated no clear error in the dismissal of his petition, and he cannot prevail on appeal. See Williams , 2017 Ark. 200, 521 S.W.3d 104.
Appeal dismissed; motions moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Mr. Tilson has not yet perfected his appeal, so this court's jurisdiction is limited *508 to considering his motions for an extension of time to file his brief and his motion to obtain a transcript. Accordingly, while it is permissible for this court to dismiss Mr. Tilson's appeal because he did not timely file his brief, it is most certainly not proper to dismiss his appeal on the merits and declare the motions "moot."
All that is pending before this court are simple motions. There is no just reason for skipping over Mr. Tilson's motions to reach the merits of an appeal that we do not yet have jurisdiction to consider. This court should safeguard all appellants' constitutional rights to due process and access to the courts, not disregard those rights.
I dissent.

We note that there was no confusion at trial concerning whether Dana Clark was the victim. Counsel was clearly not surprised by the use of Dana Clark as a witness. The record reflects that her name appeared on witness lists. There was video of the crime. Counsel made statements reflecting that he was obviously well aware of the witness's identity and prior testimony at a codefendant's trial. In addition, Tilson's defense, which was that he wasn't present, was not dependent on the victim's identity.