Cite as 2018 Ark. 407

# SUPREME COURT OF ARKANSAS

No. CV-18-245

| | |
|---|---|
| BEN GRIMES<br><br>                    APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                    APPELLEE | **Opinion Delivered** December 20, 2018<br><br>PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-17-116]<br><br>HONORABLE E. DION WILSON, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Ben Grimes brings this appeal from the denial of his pro se petition for writ of habeas corpus. Grimes was convicted by a Jefferson County jury of first-degree murder, and he was sentenced to life imprisonment. We affirmed the conviction and sentence. *Grimes v. State*, 295 Ark. 426, 748 S.W.2d 657 (1988).

Grimes filed a pro se petition for a writ of habeas corpus in the county where he is incarcerated and alleged that he is being held pursuant to an invalid conviction because the State did not establish probable cause for his arrest and extradition from Virginia to Arkansas. Grimes asserted that the State failed to provide an affidavit establishing probable cause for his arrest, which, according to Grimes, violated his right to due process because, at the time of his arrest, there was no evidence that he had committed the crime. Finally, Grimes asserted that the issue of the lack of probable cause for his arrest was raised

at his trial by his defense counsel in a motion to suppress his confession to the crime. Grimes makes the same assertions on appeal but adds allegations of ineffective assistance of counsel because counsel failed to raise the issue of an invalid arrest warrant on direct appeal. He also raises allegations that appear to challenge the sufficiency of the evidence supporting his conviction and otherwise bolstering his due-process argument.[1]

The circuit court denied Grimes's petition because Grimes had failed to establish that his sentence was facially illegal or that the trial court lacked jurisdiction. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* Because the circuit court did not clearly err when it denied Grimes's petition for a writ of habeas corpus, we affirm.

A petitioner for a writ of habeas corpus who does not allege his or her actual innocence and proceed under Act 1780 of 2001, must plead either the facial invalidity of

---

[1]Grimes's allegations of ineffective assistance of counsel as well as allegations challenging the sufficiency of the evidence and bolstering his due-process claim will not be considered by this court as we do not consider arguments that have been raised for the first time on appeal. *Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004). In any event, as set forth below, claims that go beyond the face of the judgment or do not implicate jurisdiction are not cognizable in habeas proceedings.

the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. *Id.*; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). If a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his or her burden of demonstrating a basis for the writ to issue. *Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503.

The petitioner bears the burden of showing that the face of the judgment at issue was invalid and must present evidence of probable cause to believe that he is being illegally detained. *Story v. State*, 2017 Ark. 358. Here, Grimes has not submitted the judgment in support of his claim for habeas relief or any other evidence that the petitioner is being illegally detained, nor has Grimes made any allegations that the judgment was facially invalid. Rather, Grimes alleges for a second time that the trial court did not have jurisdiction because the arrest warrant was defective. *See Grimes v. State*, 2010 Ark. 97 (per curiam) (rejecting Grimes's habeas claim based on allegations of a defective arrest

3

warrant).[2] We have made clear that the court's jurisdiction to try the accused does not depend upon the validity of the arrest. *Singleton v. State*, 256 Ark. 756, 510 S.W.2d 283 (1974). A defendant, after having been fairly tried in a court of competent jurisdiction and found guilty of murder, is not entitled to be set free on the basis of some flaw in the manner of his arrest. *Id.* Because circuit courts have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, Grimes was tried in a court of competent jurisdiction. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145.

Finally, Grimes alleges on appeal that the circuit court erred in not holding a hearing on his habeas petition. Our statutory scheme does not mandate a hearing on a habeas petition regardless of the allegations contained therein. *Collier v. Kelley*, 2018 Ark. 170. A hearing is not required on a habeas petition when probable cause for issuance of the writ is not shown by affidavit or other evidence. *Id.* For the reasons set forth above,

---

[2]The appellee contends that the law-of-the-case doctrine should bar Grimes's claims. However, this court will consider additional facts raised in support of a jurisdictional argument; those arguments are not barred as law of the case. *Anderson v. Kelley*, 2018 Ark. 222, at 2 n.3, 549 S.W.3d 913, 915 n.3. As with coram nobis petitions, the abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata in cases in which the petitioner raises the same arguments addressed previously without bringing forward additional facts that would support his or her argument. *Id.* To the extent that Grimes has alleged additional facts in support of his jurisdictional argument, those facts were not sufficient to reach a different result, and the habeas petition was an abuse of the writ. *Id.*

Grimes failed to present any evidence establishing probable cause for issuance of the writ, and he was therefore not entitled to a hearing.

Affirmed.

*Ben Grimes, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.