Cite as 2020 Ark. 54

# SUPREME COURT OF ARKANSAS

No. CV–19–481

| | |
|---|---|
| DANNY STALNAKER<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** February 6, 2020<br><br>PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT AND APPELLANT'S MOTION TO FILE BELATED REPLY BRIEF [NO. 30CV-18-431]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>AFFIRMED; MOTION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Danny Stalnaker appeals from the denial of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Stalnaker stated no ground on which the writ could issue under Arkansas law, we affirm the circuit court's order.[1]

In 2013, a Saline County Circuit Court jury found Stalnaker guilty of second-degree murder and being a felon in possession of a firearm. He was sentenced as a habitual offender to an aggregate term of 540 months' imprisonment and a fine of $20,000. The Arkansas Court of Appeals affirmed. *Stalnaker v. State*, 2014 Ark. App. 412, 437 S.W.3d 700.

---

[1]Stalnaker has filed a motion to file a belated reply brief. As there is no meritorious ground for the writ stated in the petition for writ of habeas corpus, there is no need for a reply brief to be filed in this appeal, and the motion is denied.

Stalnaker subsequently filed a petition in the trial court under Arkansas Rule of Criminal Procedure 37.1 (2013) that was denied. This court affirmed the order. *Stalnaker v. State*, 2015 Ark. 250, 464 S.W.3d 466 (per curiam). Stalnaker filed the petition for writ of habeas corpus in 2018 in the county where he is incarcerated. *See Gardner v. Kelley*, 2018 Ark. 300 (Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001 seeking scientific testing of evidence.).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under Arkansas Code Annotated section 16-112-103, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Tilson v. Kelley*, 2018 Ark. 128, 543 S.W.3d 505. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Stalnaker contended in his habeas petition that the judgment in his criminal case is void because the trial judge in the case, Bobby D. McAllister, was charged in 2017 with ethical violations by the Arkansas Judicial Discipline and Disability Commission and with criminal offenses arising out of his failure to comply with statutes governing the filing of tax returns and the payment of taxes owed. He further argued that the trial court lacked jurisdiction to render the judgment against him in 2013 because the ethics complaint and criminal charges were brought against the trial judge in 2017. Stalnaker did not contend that the sentence imposed on him was outside the statutory range for the offenses of which he was convicted, nor did he allege that he did not commit the offenses in Saline County where he was convicted. In short, his ground for the writ was simply that, subsequent to his trial, the trial judge was accused of failing to abide by certain ethical and legal standards and was thus shown to be unqualified to preside as a judge.

Stalnaker did not establish that the trial court lacked either subject-matter or personal jurisdiction in his case or that the judgment entered was illegal on its face. In general, jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). Circuit courts have subject-matter jurisdiction to hear and determine cases involving violations of criminal

statutes. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Regarding personal jurisdiction, Stalnaker's commission of the offenses in Saline County subjected him to being charged and prosecuted in that county. *Anderson v. Kelley*, 2019 Ark. 6, 564 S.W.3d 516. Because the trial court had both personal and subject-matter jurisdiction over Stalnaker, it had authority to render the judgment. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. The writ will not issue on the basis of a petitioner's assertion of the trial judge's misconduct that does not implicate the jurisdiction of the court or the facial validity of the judgment. Accordingly, Stalnaker did not meet his burden of demonstrating, by affidavit or other evidence, probable cause to believe that he is being illegally detained and entitled to issuance of a writ of habeas corpus to effect his release from custody. *See Grimes v. State*, 2018 Ark. 407, 562 S.W.3d 215 (holding that the petitioner for the writ must present evidence of probable cause to believe that he is being illegally detained for the writ to issue).

Affirmed; motion denied.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** While I agree that Stalnaker has not stated a ground upon which the writ could issue, I concur for the reasons stated in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). The majority's conception of habeas corpus is dated, senselessly narrow, and legally incorrect. We should abandon the "facial invalidity or lack of jurisdiction" rule and simply apply the plain language of our constitution and statutes.

*Danny W. Stalnaker*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.