Abraham GRANT *v.* STATE of Arkansas

CR 03-1181

161 S.W.3d 785

Supreme Court of Arkansas
Opinion delivered April 29, 2004

*Don R. Etherly*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

Betty C. Dickey, Chief Justice. Appellant Abraham Grant was found guilty by a Phillips County Circuit Court jury of capital murder and first-degree battery. He was sentenced to life in prison without parole for the capital murder conviction and five years for first-degree battery, with the sentences to run concurrently. On appeal Grant contends that the trial court erred in admitting into evidence statements made by the victim, Ms. Rosetta Pittman, under the dying declaration exception to the hearsay rule. Because this appeal involves a case in which life imprisonment has been imposed, jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We find no error and affirm.

### Facts

On June 20, 2001, appellant Abraham Grant entered an apartment in Helena, Arkansas, that belonged to his mother-in-law, Ms. Rosetta Pittman. As he entered through the open front door, he began shooting at the occupants of the residence. Ms. Pittman suffered gunshot wounds to her hand, chest, and neck.

Ms. Pittman's niece, Louise Perry, was shot in the hand as well. The first officer to arrive on the scene, Captain David Lovell of the Helena Police Department, testified that upon entering the home, he noticed a trail of blood in the front room leading to the back of the apartment. Lovell followed the blood trail and found Ms. Pittman lying in a large puddle of blood at the back door. Lovell testified that Ms. Pittman was upset and crying, and she had blood coming from her mouth, but he managed to calm her down and asked what happened. Ms. Pittman told the officer, "Abraham Grant shot me, and he ran out the back door." Captain Lovell reported that Ms. Pittman began losing consciousness and that he could only understand what she was saying when he got really close to her. While the officer could not testify that Ms. Pittman knew she was dying, he reported that Ms. Pittman knew that she had lost a lot of blood and that she was "in real bad shape."

At trial, Grant moved to exclude any statements by Ms. Pittman as hearsay. At the pretrial hearing, the State called Officer Lovell to testify. The trial court determined that Ms. Pittman's statement was a dying declaration, and could be admitted into evidence. A Phillips County jury found Grant guilty of both capital murder and first-degree battery. Grant was sentenced to life in prison without parole. This appeal follows.

## Standard of Review

It is well settled that evidentiary matters regarding the admissibility of evidence are left to the sound discretion of the trial court, and rulings in this regard will not be reversed absent an abuse of discretion. *Ellison v. State*, 354 Ark. 340, 123 S.W.3d 874 (2003); *Bailey v. State*, 334 Ark. 43, 972 S.W.2d 239 (1998); *White v. State*, 330 Ark. 813, 958 S.W.2d 519 (1997). Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *O'Neal v. State*, No. CR 03-980, slip op. (April 8, 2004); *Nazarekno v. CTI Trucking Co.*, 313 Ark. 570, 856 S.W.2d 869 (1993).

## Dying Declaration

For his sole point on appeal, Grant asserts that Ms. Pittman's statements were inadmissible hearsay and not dying declarations. In Arkansas, hearsay is defined as a statement other

than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c) (2003). Hearsay is inadmissible except as provided by law or by the rules of evidence. Ark. R. Evid. 802 (2003). Rule 804 of the Arkansas Rules of Evidence provides hearsay exceptions that apply when the declarant of a statement is unavailable. One of these exceptions to the hearsay rule is a statement under belief of impending death, commonly referred to as a "dying declaration." A dying declaration is defined as a statement made by a declarant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death. Ark R. Evid. 804(b)(2) (2003); *Thompson v. State*, 306 Ark. 193, 813 S.W.2d 249 (1991). Dying declarations are deemed inherently trustworthy. *Hammon v. State*, 338 Ark. 733, 2 S.W.3d 50 (1999) The principal consideration upon which such statements are admitted is that one who realizes that death is inevitable in consequence of the injury inflicted speaks with solemnity and will not resort to fabrication in order to unjustly punish another. *Id*; *Pinson v. State*, 210 Ark. 56, 194 S.W.2d 190 (1946). We have held that a sense of imminent death need not be shown by the declarant's express words alone, but can be supplied by inferences fairly drawn from his condition. *Boone v. State*, 282 Ark. 274, 668 S.W.2d 17 (1984).

In the case at bar, this court must decide whether Ms. Pittman's statement "Abraham Grant shot me, and he ran out the back door" was made while she believed her death was imminent. Grant asserts that inferring Ms. Pittman knew she was dying would require great speculation, and, therefore, the statement is not a dying declaration. We disagree.

In the instant case, the victim had been shot multiple times; she knew that she was lying in a large puddle of blood; she wasn't trying to move; she was sobbing, and she was passing in and out of consciousness. The trial court found that there was enough proof to show a fear of imminent death. Clearly, the evidence showed Ms. Pittman's condition was grave and that she was no doubt aware of the severity of her injuries. Based on the facts of this case, we cannot say that the trial court abused its discretion in determining that Ms. Pittman's statement was a dying declaration. Accordingly, we affirm the trial court's ruling.

*Rule 4-3(h) Review*

Because Grant received a sentence of life imprisonment without parole, the record has been reviewed for other reversible error, as required by Supreme Court Rule 4-3(h), and none has been found.

Affirmed.