David E. WILLIAMS *v.* STATE of Arkansas

CR 07-1266                                                    287 S.W.3d 559

Supreme Court of Arkansas

Opinion delivered September 25, 2008

[Rehearing denied October 30, 2008.]

*John F. Gibson, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant David E. Williams appeals his judgment and commitment order for thirty-five counts of rape, five counts of engaging children in sexually explicit conduct for use in a visual or print medium, and one count of pandering or possessing visual or print material depicting sexually explicit conduct involving a child. We affirm the judgment.

On April 13, 2006, the Arkansas State Police executed a search warrant for Williams's residence and business in Hermitage. Williams was questioned at his business, an electronics store, and confessed to engaging in oral sex with five boys under the age of fourteen on multiple occasions, to taking nude photographs of

three of the boys in a hot tub, and to taking nude photographs of two of the boys swimming in a river. At Williams's residence, police discovered still photographs of nude boys and over fourteen hours of videotape containing scenes of Williams engaging in sexual activity with young boys.

On April 19, 2006, Williams was charged with eight counts of rape. On January 29, 2007, the State filed an amended information charging Williams with twenty-five counts of rape, twenty-nine counts of engaging a child in sexually explicit conduct for use in a visual or print medium, five counts of second-degree sexual assault, and one count of possessing visual or print material depicting sexually explicit conduct involving a child.

On February 27, 2007, Williams filed a motion for individual voir dire and for a sequestered jury panel during jury selection. The trial judge, as an alternative, offered to prepare a written questionnaire that would be mailed to the prospective jurors before trial. Depending on answers given, defense counsel could have individual voir dire of selected panel members. When this was broached to Williams's attorney, he responded, "That's not what we're asking for, but if that's what the court grants, we'll take anything we can get."

On April 16, 2007, Williams filed a motion in limine to prevent the State from introducing the video footage as evidence due to it being more prejudicial than probative, citing Rule 403 of the Arkansas Rules of Evidence. It was revealed during the hearing on Williams's motion that the State had edited the footage to a shortened DVD format for introduction at trial as an exhibit. The DVD was a compilation of clips from the videotapes seized from Williams's residence, depicting Williams having sex with the minor victims. On May 7, 2007, the State filed a second amended information charging Williams with thirty-five counts of rape, five counts of engaging children in sexually explicit conduct for use in a visual or print medium, and one count of possessing visual or print material depicting sexually explicit conduct involving a child.

At the start of his trial on May 8, 2007, Williams again objected to the condensed version of the video footage and asked to plead guilty to possession of child pornography only. The trial judge denied Williams's motion in limine on the basis that he could not find that the probative value of the DVD was substan-

tially outweighed by the danger of unfair prejudice under Rule 403. In addition, the judge declined to accept Williams's guilty plea.

During the guilt phase of Williams's trial, the State had Williams's five victims, who were present in the courtroom, stand for identification. The State then introduced the condensed DVD version of the video footage, which was played for the jury as part of the testimony of Special Agent Roland Ponthieux, Jr., of the Arkansas State Police. Agent Ponthieux identified the individual victims, Williams, and the locations as the DVD played. He fast-forwarded through most of the clips, showing just enough to allow for identification of Williams, the victims, the location, and the sexual acts committed.

At the close of the State's case, Williams moved for a directed verdict on the five counts of engaging children in sexually explicit conduct for use in a visual or print medium. He later renewed his motion at the conclusion of all of the evidence. The trial judge denied both motions. The jury convicted Williams of all counts.

During the State's closing argument in the penalty phase of the trial, the prosecutor said: "The risk is too great. The risk is too great, too great. [Williams] doesn't have to answer for it when the time comes, when the headline is 'Registered Sex Offender Reoffends Again.' You and I do. I ask you to do your duty." At the end of the prosecutor's argument, Williams's attorney objected and asked that the comments be stricken. The prosecutor replied: "I think that the idea of future dangerousness is a perfectly legitimate argument to make and I made it earlier, and I think it is on our shoulders. It's on mine and I think it's on theirs." Williams's attorney next moved for a mistrial. The trial judge denied the motion. The jury returned verdicts fixing Williams's sentences at the maximum for each count. The trial judge sentenced Williams to life imprisonment for each count of rape, a sentence of twenty years for each count of engaging children in sexually explicit conduct for use in a visual or print medium, and a sentence of ten years for possessing child pornography. Williams's sentences were to run concurrently. Williams was also fined $85,000 and required to register as a sex offender.

We first address Williams's sufficiency-of-the-evidence claim relating to engaging children in sexually explicit conduct for use in a visual or print medium because of double-jeopardy

considerations. *See Stenhouse v. State*, 362 Ark. 480, 209 S.W.3d 352 (2005). Williams asserts that the trial judge erred by denying his motion for directed verdict on the production-of-child-pornography charges because there was insufficient evidence to find that he made the films or photos "for the purpose of producing any visual or print medium depicting the sexually explicit conduct" or that he engaged the children in sexually explicit conduct to produce the videos or photographs. He maintains that his sole purpose in using the children to engage in sexually explicit conduct was for his own sexual gratification, and not for the production of videotapes or pictures.

This court succinctly set out the standard of review for the denial of a motion for a directed verdict in *Wilson v. State*:

> We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. We have repeatedly held that, in reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. We affirm a conviction if substantial evidence exists to support it. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture.

365 Ark. 664, 666, 232 S.W.3d 455, 458 (2006) (internal citations omitted).

Engaging children in sexually explicit conduct for use in visual or print medium is a crime codified at Arkansas Code Annotated section 5-27-303. That statute provides:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any child to engage in or who has a child assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual or print medium depicting the sexually explicit conduct is guilty of a:
>
> (1) Class B felony for the first offense.

Ark. Code Ann. § 5-27-303 (Repl. 2006). "Producing" is defined as "producing, directing, manufacturing, issuing, publishing or advertising." *Id.* § 5-27-302(3).

█ In the case at hand, Williams conceded at trial that he used the children to engage in the sexually explicit conduct. Moreover, Special Agent Roland Ponthieux, of the Arkansas State

Police, testified that twelve VHS tapes and twenty-two super eight tapes were found in Williams's house. Another two videotapes were recovered from Williams's video camera and camera bag, respectively. Special Agent Ponthieux testified that all of the tapes contained footage of the five victims engaging in sex acts with Williams and each other. He stated that Williams's camera bag included a handwritten note with Williams's signature imploring anyone who discovered the tapes to destroy them without viewing them. Five sexual photographs of boys were found on Williams's work computer.

Williams testified that he got the idea to film the sex acts "by accident" because he had installed a video surveillance system in his house and about half of the more than thirty filmed encounters were filmed with the surveillance system. He testified that he had written the note asking that the tapes be destroyed at least five or six years earlier. He further testified that he had placed pictures of the boys on his computer but that he never intended to share them with others. He later admitted, however, to sharing a photograph of two of the boys who were naked with another person. Williams also testified that he had placed the photographs of the nude boys on his computer so that he could show them to the boys because that is what the boys had wanted him to do.

This court has observed that the "purpose behind an act, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence, but may be inferred from the facts and circumstances surrounding the act." *Heard v. State*, 284 Ark. 457, 683 S.W.2d 232 (1985). Furthermore, a defendant's improbable explanation of suspicious circumstances may be considered as proof of guilt. *Stewart v. State*, 338 Ark. 608, 999 S.W.2d 684 (1999). A presumption exists that a person intends the natural and probable consequences of his acts, and the fact-finder may draw upon common knowledge and experience to infer the defendant's intent from the circumstances. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000). Because there was ample evidence to support the jury's findings that Williams engaged children in sexually explicit conduct for use in a visual or print medium, we hold that sufficient evidence supports this conclusion.

Williams claims, as his second point, that the trial judge erred by denying his motion for individual voir dire and for sequestered panel members during voir dire. He urges that the highly sensitive nature of the issues coupled with the public's sensitivity regarding discussions of human sexuality necessitated

individual and sequestered voir dire. In its absence, he maintains that he was deprived of a fair trial.

■ When Williams moved for individual voir dire and a sequestered panel, the trial judge noted that he was not inclined to spend such a significant amount of time on voir dire. He suggested, instead, that a written questionnaire addressed to individual jurors be drafted, and he stated that if answers to the questionnaire necessitated private voir dire, it would be granted. Williams's attorney agreed to the questionnaire procedure and said, "Never done it that way, but I guess there's a first time for everything." He added, "That's not what we're asking for, but if that's what the Court grants, we'll take anything we can get." It is obvious that Williams did not object to the trial judge's refusal to grant individual voir dire, but instead accepted the use of the questionnaire. It is axiomatic that a defendant cannot agree with a trial court's ruling and then attack the ruling on appeal. *Banks v. State*, 354 Ark. 404, 125 S.W.3d 147 (2003). Furthermore, at no time did Williams object that he was denied the right to a fair trial. At the close of jury selection, Williams's counsel pronounced the jury "satisfactory." These facts sufficiently demonstrate that the trial judge did not abuse his discretion in denying individual voir dire. Moreover, Williams admits in his brief that the trial judge "never expressly rule[d] on Appellant's request for a sequestered jury." Accordingly, we will not address the sequestration argument. *See Alexander v. State*, 335 Ark. 131, 133, 983 S.W.2d 110, 111 (1998) ("To preserve a point for appellate review, a party must obtain a ruling from the trial court.").

Williams next contends that the trial judge erred by admitting into evidence a DVD consisting of a compilation of short clips taken from over fourteen hours of videotape footage, which was recovered from Williams's home and which shows Williams engaged in sexual acts with five minor children. Williams asserts that the probative value of the DVD was substantially outweighed by the danger of unfair prejudice because he had confessed to the sexual contact. Williams also argues that the DVD was unnecessary because the victims were available to testify about the sex acts and where they took place. He asserts, as a final point, that it was error to admit the DVD and the forty-six video captures from the film because they were cumulative and confused the issues because they were made by police officers and not by him.

Evidentiary matters regarding the admissibility of evidence are left to the sound discretion of the trial court. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). A trial judge's ruling in this regard will not be reversed absent an abuse of discretion. *Id*. at 93, 161 S.W.3d at 786. This high threshold does not simply require error in the trial court's decision but rather that the trial court act improvidently, thoughtlessly, or without due consideration. *Id*.

As a general matter, all relevant evidence is admissible. Ark. R. Evid. 402. Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable that it would be without the evidence." Ark. R. Evid. 401. Evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403.

Video evidence is admissible "if it is relevant, helpful to the jury, and not prejudicial." *Hickson v. State*, 312 Ark. 171, 847 S.W.2d 691 (1993). The same requirements for the admission of photographs apply to the admission of video evidence. *See id*. at 176, 847 S.W.3d at 694, With regard to the admissibility of photographs this court has stated:

> The mere fact that a photograph is inflammatory or is cumulative is not, standing alone, sufficient reason to exclude it. Even the most gruesome photographs may be admissible if they assist the trier of fact in any of the following ways: by shedding light on some issue, by proving a necessary element of the case, by enabling a witness to testify more effectively, by corroborating testimony, or by enabling jurors to better understand the testimony. Of course, if a photograph serves no valid purpose and could be used only to inflame the jurors' passions, it should be excluded.

*Weger v. State*, 315 Ark. 555, 560, 869 S.W.2d 688, 691 (1994) (internal citations omitted).

In the instant case, the DVD was shown during the testimony of Special Agent Ponthieux. The prosecution fast-forwarded through most of the clips, showing just enough of each one to allow the special agent to identify Williams, the victims, the locations filmed, and the sexual acts committed. The video footage was relevant for proving the elements of both the charges of rape and the charges of engaging children in the production of child pornography. It cannot be said that the video served no valid purpose other than to inflame the passions of the jury.

■ Williams claims that the DVD was not needed because he had confessed to the sexual acts and because the victims were available to testify against him. However, a defendant cannot prevent the admission of evidence simply by conceding to the facts of the crime. *Holloway v. State*, 363 Ark. 254, 213 S.W.3d 633 (2005). The State is entitled to prove its case as conclusively as it can. *Regalado v. State*, 331 Ark. 326, 961 S.W.2d 739 (1998).

■ Furthermore, the trial judge watched the DVD and determined that its probative value was not substantially outweighed by the danger of unfair prejudice. The trial judge observed that the State had the burden of proving the elements of all of the charges against Williams, not just "one or two or three, but all of them." Finally, the trial judge stated that the State was entitled to prove the elements of the charges with its best evidence and that the videos were certainly the State's best evidence.

Given the trial judge's consideration of the issue, it cannot be said that the trial judge admitted the videos with "carte blanche" approval. *See Berry v. State*, 290 Ark. 223, 718 S.W.2d 347 (1986). Under these facts, it is apparent that the trial judge did not abuse his discretion in admitting the DVD into evidence. We affirm on this point.

For his next and last point, Williams argues that the prosecuting attorney's remarks during his final closing argument of the penalty phase of his trial were inflammatory and prejudicial and deprived him of his right to a fair trial. He asserts that the trial judge's failure to strike the prosecutor's argument served to reinforce its disastrous effect upon the jury. He claims that it was error for the prosecutor to tell the jury that it was their "duty" to assess the maximum penalty. He further claims that the prosecutor's comments were so flagrant that, in light of cumulative errors, he deserves resentencing, if not a new trial altogether.

■ Williams takes issue with two elements of the prosecutor's closing argument. He, first, contests the fact that the prosecutor warned the jury of the possibility that Williams might "reoffend[] again," and, second, he objects to the prosecutor's telling the jury to do their "duty."

We agree with the State that Williams's objection on this point was untimely because the prosecutor made virtually the same future dangerousness argument in his first closing argument during the penalty phase without objection from Williams. To preserve a

challenge to statements made during closing argument, this court requires "a timely objection, made at the time the alleged error occurs, so that the trial judge may take such action as is necessary to alleviate any prejudicial effect on the jury." *Butler Mfg. Co. v. Hughes*, 292 Ark. 198, 729 S.W.2d 142 (1987); *see also Edwards v. Stills*, 335 Ark. 470, 503-04, 984 S.W.2d 366, 383 (1988) ("To preserve a point for appeal, a proper objection must be asserted at the first opportunity after the matter to which objection has been made occurs."). We affirm on this point as well.

The record in this case has been reviewed for reversible error pursuant to Supreme Court Rule 4-3(h), and none has been found.

Affirmed.

GLAZE, J., not participating.