

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-12-485

| | |
|---|---|
| BRANDON ATCHLEY | **Opinion Delivered** December 11, 2013 |
| APPELLANT | |
| | APPEAL FROM THE MISSISSIPPI |
| V. | COUNTY CIRCUIT COURT, |
| | CHICKASAWBA DISTRICT |
| | [NO. CR-11-35-(PH)] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE PAMELA |
| | HONEYCUTT, JUDGE |
| | |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

Brandon Atchley appeals a conviction of aggravated robbery for which he received ten years' imprisonment in the Arkansas Department of Correction. Atchley argues that the circuit court abused its discretion when it excluded the proffered testimony of Osceola Police Officer Kyle Carr. Officer Carr told the court outside the presence of the jury that a man he had picked up during a traffic stop mentioned—without being prompted to do so—that he had heard of a robbery in Keiser, that he was in Manila when it occurred, and that the county had picked up Brandon Atchley.

Atchley does not challenge the sufficiency of the evidence against him. He contends only that excluding Officer Kyle Carr's testimony prevented the jury from considering so-called witness inconsistencies, which amounts to an abuse of discretion. The State counters that the proffered testimony does not have any tendency to make any consequential fact more or less probable. *E.g., Barrett v. State*, 354 Ark. 187, 189, 119 S.W.3d 485, 492 (2003). We

reproduce the entire proffer below:

MR. DABNEY: We had to take your testimony outside the presence of the jury. So that's why they're not here right now.

KYLE CARR: All right.

MR. DABNEY: State your name, please.

KYLE CARR: Kyle Carr.

MR. DABNEY: Kyle, where do you work?

KYLE CARR: Osceola Police Department.

MR. DABNEY: What's your rank?

KYLE CARR: Patrolman.

MR. DABNEY: How long have you been with them?

KYLE CARR: Two and a half years.

MR. DABNEY: On February 13th in the early afternoon, did you have occasion to make a traffic stop on a Christopher Randolph?

KYLE CARR: Yes.

MR. DABNEY: That was on driving on a suspended driver's license?

KYLE CARR: Correct.

MR. DABNEY: Did you actually put him in your vehicle and take him to the station?

KYLE CARR: Correct.

MR. DABNEY: Did he make any statement to you on the way?

KYLE CARR: He asked me have I heard about the robbery in Keiser, and I told him yes.

2

SLIP OPINION

MR. DABNEY: What did he say?

KYLE CARR: That he had been in Manila, that he didn't have anything to do with it and that the county had picked up Brandon Atchley.

MR. DABNEY: Was this under questioning by you?

KYLE CARR: No.

MR. DABNEY: It just came out?

KYLE CARR: He just asked me.

MR. DABNEY: Did it surprise you that he just started talking about it?

KYLE CARR: A little, yeah, I guess.

MR. DABNEY: A little bit. Did he tell you he had an alibi?

KYLE CARR: He just said he was in Manila.

MR. DABNEY: In Manila?

KYLE CARR: Yes.

MR. DABNEY: I showed you a document a while ago. Do you remember how tall he was?

KYLE CARR: Five eleven.

MR. DABNEY: Five eleven?

KYLE CARR: Yes.

MR. DABNEY: Thank you Officer.

THE COURT: I assume you didn't have any questions, Ms. Dean?

MS. DEAN: No, ma'am.

3

SLIP OPINION

KYLE CARR:          Am I done?

THE COURT:          Is this witness excused?

MR. DABNEY:          He's done.  Thank you for staying around.

Circuit courts have broad discretion concerning evidentiary issues, including determining the admissibility of evidence; we do not reverse absent an abuse of discretion. *Ratterree v. State*, 2012 Ark. App. 701.  To abuse its discretion the court must act improvidently, thoughtlessly, or without due consideration.  *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

The circuit court did not abuse its discretion by not allowing Officer Carr to tell the jury about the encounter he had with Christopher Randolph.  In *Birts v. State*, our supreme court addressed the standard for admitting evidence that tends to incriminate someone other than the accused:

> A defendant may introduce evidence tending to show that someone other than the defendant committed the crime charged, but such evidence is inadmissible unless it points directly to the guilt of the third party.  Evidence which does no more than create an inference or conjecture as to another's guilt is inadmissible.
>
> . . . .
>
> [T]he rule does not require that any evidence, however remote, must be admitted to show a third party's possible culpability. . . . [E]vidence of mere motive or opportunity to commit the crime in another person, without more, will not suffice to raise a reasonable doubt about a defendant's guilt: there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime.
>
> This court later reconsidered the *Zinger* test and concluded that it complied with the requirement announced in *Holmes v. South Carolina*, 547 U.S. 319,

SLIP OPINION

126 S.Ct. 1727, 164 L.Ed.2d 503 (2006), that such a test focus on the strength of the evidence implicating the third person and not on the relative strength of the prosecution's evidence against the defendant. We recently affirmed the *Zinger* test for admissibility of third-party exculpatory evidence in *State v. Harrison*, 2012 Ark. 198.

*Birts v. State*, 2012 Ark. 348, at 6–7 (internal citations omitted) (quoting *Zinger v. State*, 313 Ark. 70, 75–76, 852 S.W.2d 320, 323 (1993)).

Atchley and his accomplice were detained shortly after the robbery based on eyewitness identification. Moreover, we do not see how the proffered testimony "points directly" to Christopher Randolph so as to raise a reasonable doubt on who actually committed the crime for which Atchley was tried and convicted. Officer Carr's testimony was therefore. Brandon Atchley's conviction is affirmed.

Affirmed.

PITTMAN and WYNNE, JJ., agree.

*Mike Dabney*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.