
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-1036

|  |  |
|---|---|
| EMILIO GUTIERREZ | **Opinion Delivered** September 30, 2015 |
| APPELLANT | APPEAL FROM THE SEVIER COUNTY CIRCUIT COURT [NO. CR-2014-9-2] |
| V. | |
| | HONORABLE CHARLES A. YEARGAN, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Emilio Gutierrez appeals his convictions by a Sevier County jury on charges of trafficking a controlled substance–methamphetamine; simultaneous possession of drugs and firearms; maintaining a drug premises; and possession of drug paraphernalia. Appellant argues that the circuit court erred by denying his motion in limine and overruling his objections by allowing a video of law-enforcement officers firing a weapon found in the search of his home to be played for the jury and admitted into evidence. We affirm.

On January 28, 2014, the Sevier County Sheriff's Office, relying upon information provided by a confidential informant, executed a search warrant on a residence owned by appellant at 261 West Line Road in DeQueen, Arkansas. Upon entry, officers found Maria Mosqueda and a minor child in the home. After conducting a search of the premises, law enforcement located in the home approximately 1,389 grams of methamphetamine, drug

paraphernalia, and ammunition, along with several weapons–including a .22-caliber rifle, a 30-06 rifle, and a modified AR-15 rifle.

Following the search, appellant was arrested upon his return from work and taken to the Sevier County Sheriff's Office. Later that day, officers, acting on information provided by a different confidential informant, returned to the premises after obtaining a second search warrant, conducted a second search of the home, and discovered an additional amount of methamphetamine.

At trial, the State produced the controlled substances found in the home, as well as the weapons seized, and they were introduced into evidence. In addition, the State's witness, Agent Greg Davignon, a member of the South Central Drug Task Force, testified in detail, without objection, regarding the items discovered during the search, including the admittedly legal enhancements and specific firing rate of the AR-15 rifle. At trial, there was no testimony that the gun had been used for any illegal purpose.

Then, over objection from appellant's counsel prior to its introduction, the circuit court allowed the video of task-force officers firing the modified AR-15 rifle to be presented and played for the jury. The video depicted the agents holding and loading the AR-15 rifle with rounds secured from a source other than appellant or his home and were not those seized in the search leading to his arrest. The video showed the agents emptying the magazine loaded in the weapon using the gun's automatic-fire setting.

SLIP OPINION

SLIP OPINION

On August 14, 2014, appellant was found guilty on all counts and sentenced to a total term of seventy-three years in the Arkansas Department of Correction. On September 15, 2014, appellant timely filed his notice of appeal.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *See Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 429; *Williams v. State*, 2011 Ark. App. 521. When reviewing a denial of a motion in limine or a refusal to take judicial notice, we use the abuse-of-discretion standard. *Mhoon v. State*, 369 Ark. 134, 251 S.W.3d 244 (2007). An abuse of discretion is a high threshold; it does not simply require error in the circuit court's decision, but requires that the circuit court acted improvidently, thoughtlessly, or without consideration. *Williams*, *supra*.

Rule 402 of the Arkansas Rules of Evidence (2014) states that "[a]ll relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State. Evidence which is not relevant is not admissible." Further, Rule 403 of the Arkansas Rules of Evidence states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Our supreme court in *Lard v. State*, 2014 Ark. 1, 431 S.W.3d 249, stated,

> As a general matter, all relevant evidence is admissible. Ark. R. Evid. 402. Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Ark. R. Evid. 401. Evidence, although relevant, may be

3

 

excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403.

*Id.* at 19–20, 1 S.W.3d at 264. Additionally, video evidence is admissible if it is relevant, helpful to the jury, and not prejudicial. *Hickson v. State*, 312 Ark. 171, 847 S.W.2d 691 (1993). The same requirements for the admission of photographs apply to the admission of video evidence. *Williams v. State*, 374 Ark. 282, 287 S.W.3d 559 (2008). Because a videotape can give the jury a different perspective on the crime scene, a videotape can be helpful to a jury's understanding of the case. *See Hamilton v. State*, 348 Ark. 532, 74 S.W.3d 615 (2002). It is well recognized that the balancing of probative value against prejudice is a matter left to the sound discretion of the circuit court. *Chapman v. State*, 343 Ark. 643, 38 S.W.3d 305 (2001).

Agent Davignon testified without objection that he was familiar with the AR–15 rifle and furthermore to the enhancements made to the weapon found in appellant's residence. In his testimony, he set out each enhancement, including the laser sight, firing-rate selector, rounds used in the weapon, and the various magazines that can be used with the weapon and those found with or near the weapon. Agent Davignon further stated that law enforcement had no reason to believe that the weapon had been illegally obtained and that both the weapon and the enhancements on the weapon were legal. His testimony indicated that there was no evidence that appellant had fired the weapon for any illegal purpose.

To sustain a charge of simultaneous possession of a firearm and drugs under Arkansas Code Annotated section 5-74-106 (Supp. 2013), the State must prove that appellant was in possession of the firearm in a home while he also possessed a felony amount of a controlled

substance. The statute under which appellant was charged does not require that the weapon be fireable, and no defense was asserted by appellant, as set out in the statute, as to his accessibility to the rifle. Likewise, none of the other offenses with which appellant was charged require that the weapon be fireable, or even possessed. Appellant contends that the presentation of the video of law enforcement officers firing the AR-15 rifle was not required for a finding of guilty under the charges for which he was being tried.

The above-cited rules of evidence require that evidence be relevant to the charge, and, if the circuit court determines the evidence to be relevant, it must then balance the probative value of the evidence against the danger of unfair prejudice, confusion, and misleading the jury, among other considerations. Appellant argues that the presentation of the video was not relevant to any of the counts under which he was charged and should have been excluded as irrelevant evidence.

Appellant points out that the rifle and the enhancements were legal–as was his possession of the rifle–because he was of proper age and not a convicted felon. The only relevant issue, as it relates to the charges against him, was that the rifle was possessed in proximity to alleged controlled substances—and he never challenged that evidence. Appellant did not disclaim ownership of the rifle, and he acknowledges that ample proof was presented that the rifle was found in his home along with the large amount of controlled substances. But appellant urges that the submission of the video showing someone other than him loading or firing the weapon was irrelevant and alternatively, inadmissible under the balancing test set out in Rule 403. Appellant maintains that the video served no other

purpose during the guilt phase of the trial than to inflame the passion of the jury to believe that he was a violent person, despite the lack of evidence that he engaged in violent activities or that he was a violent person, in order to unduly prejudice appellant or mislead or confuse the jury as to appellant's use of the weapon.

Appellant contends that the submission of the video had an effect on the jury, not only in determining his guilt or innocence, but also by inciting such passion in the minds of the jury that appellant, was in essence, a violent person, tainting not only the jury's belief in the guilt and innocence phase but also its determination of his sentence; even though the video was introduced again in that phase. Appellant submits that allowing the submission of the video, despite a lack of evidence regarding his use of the weapon or his tendency for violence, and further, in light of the officers' decision to fire the weapon only in its full automatic position—absent any evidence that it was discovered in that position—unduly prejudiced him and affected the jury's perception to such an extent that it amounts to an abuse of discretion.

Although we find merit in appellant's argument that the submission of the video was not relevant to any specific offense with which he was charged in that it did not have a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence, *see* Arkansas Rule of Evidence 401, we hold that the circuit court's error in allowing the submission was harmless. This court has consistently held that under the harmless-error rule, when evidence of guilt is overwhelming and the error slight, we can declare the error harmless. *Johnston v.*

SLIP OPINION

*State*, 2014 Ark. 110, 431 S.W.3d 895*; see also Baker v. State*, 334 Ark. 330, 974 S.W.2d 474 (1998) (holding that introduction of testimony regarding the defendant's state of mind was harmless error in light of other evidence introduced at trial); *Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997) (holding that admission of additional drug paraphernalia was harmless error when there was overwhelming evidence to support the conviction).

In determining whether the error is slight, we look to see if the defendant has been prejudiced. *Johnston*, *supra*. Prejudice is not presumed, however, and this court will not reverse the circuit court's ruling unless appellant demonstrates prejudice by the admission of the video. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000). The record before us indicates that the evidence against appellant was overwhelming and justifies his sentence, which falls within the sentencing range. Under *Buckley v. State*, 349 Ark. 53, 64, 76 S.W.3d 825, 832 (2002), "[a] defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence itself."

Appellant was convicted of two Class Y felonies for trafficking methamphetamine and simultaneous possession of drugs and firearms, and each conviction carries a sentence range of ten to forty years or life. Ark. Code Ann. § 5-64-440(c) (Supp. 2013); Ark. Code Ann. § 5-74-106(b); Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2013). Appellant received a forty-year sentence for trafficking and a twenty-five year sentence for simultaneous possession, which is not life and is fifteen years less than the maximum sentence authorized by law. He was also convicted of a Class C felony for maintaining a drug premises, and the corresponding sentence ranges from three to ten years. Ark. Code Ann. § 5-64-402(b)(1) (Supp. 2013); Ark.

7

Code Ann. § 5-4-401(a)(4). Appellant received a five-year sentence, which is only half of the maximum authorized sentence. He was also convicted of possession of drug paraphernalia, a Class D felony that carries a sentence of up to six years. Ark. Code Ann. § 5-64-443(a)(2); Ark. Code Ann. § 5-4-401(a)(5). Appellant received a three-year sentence, which is, again, only half of the maximum sentence. Because there was overwhelming evidence of appellant's guilt separate and apart from the video, and because his sentence falls within statutory sentencing range, we hold that any error from the admission of the video was harmless.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*The Law Office of Darrell F. Brown, Jr.*, by: *Darrell F. Brown, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.

SLIP OPINION