IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2016

**STATE OF TENNESSEE EX REL. MICHELLE AMANDA CREIGHTON
V. JAMES MICHAEL HAYNER**

**Appeal from the Juvenile Court for Sumner County
No. 47-424      Barry R. Brown, Judge**

_____

**No. M2014-02503-COA-R3-JV – Filed March 28, 2016**

_____

Father seeks to declare a child support arrearage judgment entered in January 2005 void ab initio for lack of service of process. The dispositive issue is whether the petition for civil contempt and summons issued in August 2004 were properly served on Father. It is undisputed that the 2004 petition and summons were delivered to an attorney's office and left with the receptionist. After learning that a summons and petition had been "served on Father" at her office, the attorney promptly notified Mother's attorney she was not authorized to accept service on Father's behalf and that she did not represent Father in the pending matter. When the petition came on for hearing, no one appeared on behalf of Father, and the juvenile court entered an arrearage judgment for the amount owed. Several years later, Father filed a motion seeking to set aside the 2005 judgment as void for lack of service of process. The motion was supported by affidavits from the attorney and Father. The attorney testified that she was not authorized to accept service on Father's behalf and that she did not represent Father in the pending matter. In his affidavit, Father confirmed the testimony of the attorney and he further stated that he was in the United Kingdom when service of process was attempted. The juvenile court held that Father was properly served and denied the motion. Father appealed, insisting the January 2005 arrearage judgment was void ab initio for lack of service of process. The State, acting on behalf of Mother in this appeal, admits in its brief that service of process was not properly effectuated, and that the judgment obtained on January 2005 is void. We agree. Accordingly, the judgment of the juvenile court entered on November 25, 2014, is reversed, and this matter is remanded with instructions for the juvenile court to enter an order declaring the January 2005 arrearage judgment void.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
Reversed and Remanded**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and ARNOLD B. GOLDIN, JJ., joined.

Deana Hood, Franklin, Tennessee, for the appellant, James Michael Hayner.

Herbert H. Slatery III, Attorney General and Reporter; and Rebekah A. Baker, Assistant Attorney General/Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee ex rel. Michelle Amanda Creighton.

## MEMORANDUM OPINION[1]

In June 1996, the Juvenile Court of Sumner County ordered James Michael Hayner ("Father") to pay Michelle Amanda Creighton ("Mother") five hundred dollars per month as child support for the parties' minor child. He was also ordered to pay two-hundred and fifty dollars per month towards an arrearage judgment of nineteen thousand dollars. Further, Father was required to pay Mother's attorney's fees in the amount of seven thousand dollars.

On August 13, 2004, Mother filed a petition alleging, *inter alia*, that Father failed to make payments toward the arrearage judgment or attorney fees awarded in the June 1996 judgment. The petition was allegedly "served" on Father on August 13, 2004, when the petition and summons were left with the receptionist at the office of attorney Deana Hood. Upon learning that the petition and summons had been delivered to her office, Ms. Hood promptly sent a letter to Mother's counsel advising that Ms. Hood had not been retained by Father in the pending matter and that she was not authorized to accept service on Father's behalf. Ms. Hood sent a second letter to Mother's counsel on September 28, 2004, stating that she had refused to accept a second attempt to serve her with the petition.

The juvenile court subsequently held a hearing on Mother's petition; no one appeared on behalf of Father. On January 21, 2005, the juvenile court entered an order in which the court found that Father failed to make any payments towards the arrearage judgment or attorney's fees ordered in 1996, and entered judgment for the arrearage amounts incurred to date.

On June 30, 2014, Father filed a Motion to Set Aside the January 2005 order asserting that the order is void because Mother's petition was not properly served on him.

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In support of this motion, Father filed an affidavit by Ms. Hood, in which Ms. Hood stated she was not authorized to accept service on Father's behalf and she was not retained to represent Father in that matter at that time. Father also filed his own affidavit, stating that he had not retained Ms. Hood to represent him in the 2004 child support matter. He further stated that he lived in the United Kingdom during August and September 2004.

The Motion to Set Aside was heard by the juvenile court on November 17, 2014. At the hearing, Mother made an oral motion to strike from the record the affidavits filed by Father arguing that they contained hearsay. The juvenile court granted this motion and entered an order finding that service of the petition was properly perfected on Father by delivery to his attorney, Ms. Hood, on August 13, 2004.

Father filed a timely appeal. On appeal, he argues that the January 2005 order is void ab initio for lack of service of process, violation of due process, and fraud. Father also argues that the juvenile court erred by striking the affidavits filed with Father's Motion to Set Aside. The State, acting on behalf of Mother in this appeal, admits in its brief that service of process was not properly effectuated, and that the judgment obtained on January 21, 2005, is void.[2]

## ANALYSIS

The relevant material facts are undisputed. Service of process of Mother's 2004 petition was attempted on two occasions, August 13, 2004 and September 28, 2004. On each occasion, Mother attempted to serve Father by delivering the petition and summons to attorney Deana Hood. Ms. Hood never accepted service of process, and, on each occasion, Ms. Hood promptly notified Mother's counsel that she was not authorized to accept service of process on behalf of Father and that she did not represent him in the pending matter. It is also undisputed that Father was in the United Kingdom during the relevant time.

Because Father resided in the United Kingdom when Mother attempted to serve process on him and Ms. Hood was not authorized to accept service of process on behalf of Father, the means Mother should have employed to serve Father is set forth in Rule 4A of the Tennessee Rules of Civil Procedure, which governs service of process upon individuals in foreign countries. *See* Tenn. R. Civ. P. 4A. The rule provides that service upon an individual outside of the United States, from whom a waiver has not been obtained and filed, may be effected "by any internationally agreed means reasonably

---

[2] However, the State correctly asserts that the fact the January 21, 2005 judgment is void does not affect Father's underlying obligations to pay child support, as well as the arrearage judgment and award of attorney's fees pursuant to the June 1996 order, which is a final and fully enforceable judgment.

calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . . ."[3] *Id.* Both the United States and the United Kingdom are parties to the Hague Convention. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *done at The Hague*, November 15, 1965, 20 U.S.T. 361. Thus, under Rule 4A, service upon Father should have been conducted pursuant to the Hague Convention's terms. *See* Tenn. R. Civ. P. 4A. However, service of process pursuant to the Hague Convention was not attempted.

For the reasons stated above, we agree with Father and the State that the January 2005 order is void ab initio for lack of service of process. *See Ramsay v. Custer*, 287 S.W.3d 566, 568 (Tenn. Ct. App. 2012) ("[A] judgment based on void service is a void judgment."). Nevertheless, the June 1996 order remains a valid and final judgment. Therefore, Father remains liable for any and all obligations arising from the June 1996 order.

## IN CONCLUSION

The judgment of the juvenile court entered on November 25, 2014, is reversed, and this matter is remanded with instructions for the juvenile court to enter an order declaring the January 21, 2005 arrearage judgment void. Costs of appeal are assessed against the State of Tennessee.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3] Under the Hague Convention, process may be served in a foreign country by delivering a copy of the documents to the country's designated central authority for service. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988).