Cite as 2019 Ark. App. 606

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-19-424

| | |
|---|---|
| | **Opinion Delivered:** December 11, 2019 |
| BRIAN RUSSELL | APPEAL FROM THE ASHLEY |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 02CR-18-30] |
| V. | HONORABLE ROBERT BYNUM |
| | GIBSON, JR., JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Brian Russell was convicted by an Ashley County Circuit Court jury of first-degree murder, abuse of a corpse, and felon in possession of a firearm. He was sentenced to serve an aggregate term of seventy years' incarceration in the Arkansas Department of Correction. On appeal, appellant argues that the circuit court abused its discretion by excluding from evidence (1) photographs of certain items found in the victim's purse and (2) lay-witness testimony regarding the victim's life and mental state. We affirm.

Appellant testified that on January 13, 2018, he and the victim, Shannon Ridener, went on a blind date. He stated that after purchasing liquor, Shannon agreed to go to his home to watch a movie. Appellant testified that he fell asleep during the movie and was awakened by a "bang." He further testified that upon seeing Shannon's body on the floor

with a gunshot wound to her head, he exclaimed, "Oh, my god, what did you do that for?" and then proceeded to get rid of her body as fast as he could.

Officer David Crutchfield of the Monticello Police Department testified that at approximately 1:45 a.m. on January 14, 2018, he came into contact with appellant and ultimately took him into custody on a charge of driving while intoxicated. Officer Crutchfield stated that at the time of the arrest, appellant had blood on his hands and clothes; however, appellant explained that the blood was from a deer he had killed. David Tumey with the Arkansas State Police testified that when he searched appellant's vehicle, he discovered a black trash bag containing a pair of women's shoes. Additionally, Bo Norris with the Arkansas State Police Criminal Investigation Division testified that upon searching appellant's house, a large stain was found on the carpet; he noted that the stain appeared to have some type of cleaning product on it.

Investigator Norris testified that Shannon's body was located near the Beech Creek bridge.[1] He further indicated that it was a thirty-six-mile drive from appellant's house to where Shannon's purse was found; it was an additional eleven miles from where her purse was discovered to where Shannon's body was found.

On appeal, appellant concedes his convictions for felon in possession of a firearm and abuse of a corpse; however, he contends that he did not commit murder. Appellant contends that Shannon committed suicide and that the circuit court abused its discretion by excluding evidence relevant to establish her mental state.

---

[1]Shannon was barefoot when her body was discovered.

Prior to trial, the State objected to photographs of two items found in Shannon's purse. The first item was a prescription pill bottle for medication prescribed to Shannon's son;[2] the second item was an appointment card for couple's counseling. Appellant asserted that these items were relevant to establish that Shannon took her own life. The circuit court ruled the photographs of the items inadmissible.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse that decision absent a manifest abuse of that discretion.[3] The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration.[4] We will not reverse an evidentiary ruling absent a showing of prejudice.[5]

Evidence must be relevant to be admissible.[6] Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[7] Relevant evidence may still be excluded if its probative value is substantially outweighed by

---

[2]The medication, although not named specifically, was identified as an epilepsy drug, which may also be prescribed as a mood stabilizer.

[3]*Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818.

[4]*Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

[5]*Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002).

[6]Ark. R. Evid. 402 (2019).

[7]Ark. R. Evid. 401.

the danger of unfair prejudice, confusion of the issues, or misleading to the jury.[8] This court will deny "'the admission of inflammatory evidence where claims of relevance are tenuous and prejudice is great[.]'"[9] Likewise, this court will reject evidence when it is only minimally relevant and only "serve[s] to prejudice the victim."[10]

Appellant argues that the exclusion of evidence of the prescription pills prevented him from putting forth a competent defense. He asserts that his "purpose for presenting this evidence was to show that the victim was suffering in her life and relationships and had turned back to the path of using drugs. . . ." However, appellant admitted that blood-test results revealed that the medication was not found in Shannon's system at the time of her death; therefore, his stated purpose fails, and the prescription is irrelevant to appellant's theory since there was no evidence that Shannon was actually using the drugs.

Appellant contends that the circuit court also abused its discretion in excluding the photograph of the appointment card for couple's counseling found in Shannon's purse. He argues that evidence of such marital problems was relevant to prove his defense theory that Shannon committed suicide. However, appellant offered no expert testimony to support his claim that persons seeking counseling or in troubled marriages are more likely to commit suicide. Without more, appellant's bare assertions are irrelevant to his defense.

---

[8]Ark. R. Evid. 403.

[9]*England v. State*, 2016 Ark. App. 211, at 6, 489 S.W.3d 721, 725 (quoting *Conte v. State*, 2015 Ark. 220, at 34, 463 S.W.3d 686, 706).

[10]*Sipe v. State*, 2012 Ark. App. 261, at 13, 404 S.W.3d 164, 172.

4

At trial, the circuit court excluded testimony from various friends and family members of Shannon. The proffered testimony demonstrates that Shannon was having marital problems, had been to drug rehabilitation, drank alcohol, and was receiving Social Security disability benefits, among other things. Appellant contends in his brief that these are "all facts that could lead a reasonable fact finder to believe that the victim committed suicide." While the proffered testimony does establish that Shannon was experiencing hardships, no witness testified that she was suicidal or had ever attempted suicide. As with the previous point, without expert testimony linking struggles such as Shannon's to suicidal ideations, we cannot say that the circuit court abused its discretion by excluding the proffered testimony because any connection would be mere speculation.

Furthermore, we note that although we find no error in the circuit court's exclusion of the evidence, any deemed error would have been harmless. When the evidence of guilt is overwhelming and the error is slight, this court can declare that the error was harmless and affirm.[11] Here, the evidence clearly established that Shannon was shot with appellant's gun in appellant's home. There was an attempt to clean the blood stain on the carpet. Appellant admits dumping Shannon's body in a creek and throwing her purse off a bridge. When stopped by police, appellant told the officer that the blood on his hands and clothes was from skinning a deer. All these actions are efforts to conceal a crime and can be considered evidence of consciousness of guilt.[12]

---

[11]*Bledsoe v. State*, 344 Ark. 86, 39 S.W.3d 760 (2001).

[12]*Howard v. State*, 2016 Ark. 434, at 13, 506 S.W.3d 843, 850 (noting that efforts to conceal a crime and evade detection and false, improbable, and contradictory statements to explain suspicious circumstances can be considered as evidence of consciousness of guilt).

Affirmed.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Robert E. Tellez*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.